
SLIP OPINION

Cite as 2017 Ark. 169

# SUPREME COURT OF ARKANSAS
No.

**Opinion Delivered:** May 4, 2017

IN RE PROPOSAL OF THE SUPREME
COURT COMMITTEE ON
PROFESSIONAL CONDUCT TO
AMEND SECTIONS 18 AND 20 OF THE
PROCEDURES REGULATING
PROFESSIONAL CONDUCT OF
ATTORNEYS AT LAW

**PER CURIAM**

The Supreme Court Committee on Professional Conduct has submitted to this court proposed revisions to sections 18 and 20 of the Arkansas Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law. We now publish these proposed amendments for comment. Changes are illustrated in the text below. The comment period shall run through July 3, 2017. Comments on the suggested changes should be made in writing, and they should be addressed to: Clerk, Supreme Court of Arkansas, Attn.: Procedures Regulating Professional Conduct, Justice Building, 625 Marshall Street, Little Rock, AR 72201.

SLIP OPINION

## ARKANSAS SUPREME COURT COMMITTEE ON PROFESSIONAL

## CONDUCT- RECOMMENDED REVISED PROCEDURES

**Section 18.  Fines, costs, and restitution.**

(1) In addition to the Committee's authority set forth in Section 17 of these Procedures, a panel of the Committee or the Supreme Court, in any case where a disciplinary sanction, including a consent warning, is imposed by final order, may:

 (A) Assess the ~~respondent attorney the~~ costs ~~of the proceedings~~ pertaining to the prosecution of a Respondent guilty of unprofessional conduct, including the costs of investigations, witness fees, service of process, depositions, independent medical examinations, and a ~~any~~ court reporter's services or transcripts of proceedings;

 (B) Impose a fine of not more than $25,000.00; and

 (C) Order restitution to persons financially injured by the conduct.

(2) Any final disciplinary order of the Committee or the Supreme Court shall be a civil judgment and be recordable and enforceable in the same manner as any civil judgment, after the time to file for an appeal of a Committee panel's findings and order has expired or after the appellate mandate has issued.

(3) In the event that restitution has been ordered upon a respondent attorney found to have violated the Arkansas Rules of Professional Conduct, the injured party to which restitution is owed may use the final disciplinary order of the Committee or the Supreme Court as a money judgment for restitution enforceable against the respondent attorney.

(4) Any final disciplinary order of the Committee or the Supreme Court may include a bill of costs for the items listed in Section 18.1(A) certified by the clerk of the Committee or the clerk of the Arkansas Supreme Court.

(5) If the bill of costs is not satisfied within 30 days upon the filing and issuance of the Final Judgment, upon petition of the Director of the Committee, the Respondent may be held in Contempt of Court pursuant to either Rule 70 of the Arkansas Rules of Civil Procedure or Section 27 of these Procedures for willful refusal to obey a court order without good cause.

(6) Non-payment of any judgment for costs, fines, or restitution may be a factor to be considered by a panel of the Committee or by the Supreme Court in any reinstatement or readmission proceeding.

**Section 20. Surrender of License, <u>Voluntary Resignation, &</u> Discipline by Consent.**

A. *Surrender of License*. <u>When there is a disciplinary proceeding pending against an attorney,</u> ~~An~~ <u>the</u> attorney <u>may petition to</u> surrender his or her license upon the conditions agreed to by the attorney, the Executive Director, and a panel of the Committee. An attorney may offer or consent to the ~~voluntary~~ surrender of his or her license at any stage of the <u>disciplinary</u> proceedings. No petition to the Supreme Court for ~~voluntary~~ surrender of license by an attorney shall be granted until it is referred to a panel of the Committee and the recommendations of the panel are received by the Supreme Court. <u>The Court's acceptance of surrender under this provision shall mean the former attorney is not eligible to apply for readmission to licensure in the Bar of Arkansas for a period of at least five (5) years from the date of the Court's final order removing the attorney's name from the roll of Arkansas licensed attorneys. Readmission is governed by Section 24 of these Procedures.</u> (See Section 20(F)(2), for the procedure <u>when</u> ~~where~~ there is a disciplinary proceeding pending, if <u>the</u> Supreme Court does not accept the ~~voluntary~~ offer of surrender.)

B. *<u>Voluntary Resignation of License</u>*. <u>An attorney with an Arkansas law license may at any time and for any reason petition the Committee, through the Office of Professional Conduct, using a petition form provided by that Office, to seek at the Supreme Court a voluntary resignation of the Arkansas law license. The petition shall affirm that the petitioner's payment for the annual law-license renewal fee is current, or that the petitioner has not practiced in the courts of the State of Arkansas since the petitioner was last eligible to do so. Any such resignation granted shall be for a period of not less than five years before the petitioner shall be eligible to apply for readmission to licensure in the Bar of Arkansas. No petition to the Supreme Court for voluntary resignation of license by an attorney shall be granted until it is referred to a panel of the Committee and the recommendation of the panel is received by the Supreme Court. Readmission is governed by Section 24 of these Procedures.</u>

<u>C. (former B. No change.)</u> *Discipline by Consent*.

(1) An attorney against whom a formal complaint has been served may, (a) not less than twenty (20) calendar days before the panel meeting at which the complaint will be on the panel agenda for ballot vote action or (b) not less than twenty (20) calendar days before the commencement of a public hearing before a panel of the Committee, tender a conditional acknowledgment and admission of violation of any of the Rules alleged in the formal complaint, or to particular provisions of Rules so alleged, in exchange for a stated disciplinary sanction in accordance with the following:

(2) With service of a formal complaint, the respondent attorney will be advised that, if a negotiated disposition by consent is contemplated, the respondent attorney should contact the Executive Director to undertake good faith discussion of a proposed disposition. All discipline by consent proposals must be approved in writing by the Executive Director, before they can be submitted to a panel.

SLIP OPINION

(3) Upon a proposed disposition acceptable to the respondent attorney and the Executive Director, the respondent shall execute and submit a discipline by consent on a document prepared by the Executive Director setting out the necessary factual circumstances, admission of violation of the Rules, and the proposed sanction.

(4) The consent proposal, along with copies of the formal complaint, and the recommendations of the Executive Director, shall be presented to a panel of the Committee for their votes by written ballot to accept or reject the proposed disposition. The respondent will be notified immediately in writing of the panel decision. Rejection will result in the continuation of the formal complaint process, using a different panel, by a ballot vote pursuant to Section 10 or a public hearing pursuant to Section 11, as the case may be.

D. (Former C. No change.)  No appeal may be taken from a disciplinary sanction entered by consent.

E. (Former D. No change.)  The panel shall file written evidence of the terms of the discipline by consent with the Clerk, unless the discipline by consent is a non-public warning.

F. (Former E. No change.) *Serious Misconduct.*  If the discipline by consent involves allegations of Serious Misconduct and a suspension of the respondent attorney's license, it shall be presented to the Supreme Court for approval or disapproval.

(1) The Executive Director shall present to the Supreme Court, under such procedures as the Supreme Court may direct, any discipline by consent proposal which the Executive Director has reached with a respondent attorney and which involves allegations of Serious Misconduct and a suspension of license.

(2) If the Supreme Court does not approve of the proposed discipline by consent or the voluntary surrender of license, the matter shall be referred to a panel that has not rendered a decision in the case by ballot vote. The new panel shall resume, as practical, the proceedings at the stage at which they were suspended when the proposal was made and submitted to the Supreme Court. If both regular panels have been used in prior proceedings involving a case, the case shall go to Panel C and then, if necessary, to Panel D for consideration.

(3) The fact that an offer and proposed sanction was agreed to by the Executive Director, the terms of the proposed discipline by consent, and the fact that the Supreme Court rejected the proposal shall not be disclosed to the new panel, except in those instances where disclosure of compromises is permitted under Rule 408 of the Arkansas Rules of Evidence.